UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:25-cv-00909-VBF (SK) | Date: June 2, 2025 |
| Title | Yevgeniy Velentino Kostenko v. Warden | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In March 2025, petitioner was arrested in San Luis Obispo County, California on a fugitive warrant issued by an Oregon state criminal court. (*See* San Bernardino County Sheriff's Dep't Inmate Locator, Booking No. 2502342116). He was then evidently transferred to the West Valley Detention Center in San Bernardino County. There, the San Bernardino County superior court conducted an extradition hearing in April 2025 and ordered petitioner extradited to the state of Oregon to answer the criminal charges there.[1] *See People v. Kostenko*, Case No. FSB25001113. While in County custody, petitioner filed a petition for writ of habeas corpus collaterally attacking his extradition order but on the form approved for use in California *state* court. (ECF 1). As a result, it is unclear whether petitioner intended to direct his habeas petition to this *federal* court.

Even if he did so intend, there is no apparent basis for federal habeas jurisdiction over the petition, which could only obtain under either 28 U.S.C. § 2254 or § 2241. To obtain relief under § 2254, petitioner must "be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (cleaned up). But an order of extradition is not a criminal conviction, nor is detention pending extradition a criminal sentence. *See* 28 U.S.C. § 2254(a) (conferring jurisdiction only over petitioners who are "in custody pursuant to the judgment of a State court"); *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir.

---

[1] Since then, petitioner appears to have been released from the West Valley Detention Center. (*See* San Bernardino County Sheriff's Dep't Inmate Locator, Booking No. 2502342116).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:25-cv-00909-VBF (SK) | Date: June 2, 2025 |
| Title   Yevgeniy Velentino Kostenko v. Warden | |

2018) (confirming that § 2254 can provide only post-conviction relief). And the petition fares no better even if construed under § 2241. The Extradition Clause of the U.S. Constitution, Art. IV, Sec. 2, Cl. 2 "was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." *Michigan v. Doran*, 439 U.S. 282, 288 (1978). Consequently, the scope of habeas review under § 2241 in extradition proceedings is sharply limited to (1) whether the extradition documents are facially in order, (2) whether petitioner is charged with a crime in the demanding state, (3) whether petitioner is the person named in the request for extradition from the demanding state, and (4) whether petitioner is a fugitive. *See id.* at 289. Because the petition here challenges none of these narrow predicates, habeas relief under § 2241 is as unavailable as it is under § 2254.[2]

For these reasons, petitioner is ordered to show cause why his petition—if he intended to file it in federal rather than state court—should not be summarily dismissed for lack of jurisdiction. *See* Rule 4 of Rules Governing Section 2254 Cases ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner); *see also* L.R. 72-3.2 (summary dismissal of habeas petition authorized when "it plainly appears from the face of the petition" that "petitioner is not entitled to relief"). Petitioner may discharge this order by signing and returning the attached Form CV-09y within seven days of receiving this order. Failure to return that form as ordered or to otherwise timely respond in writing may lead to the immediate closing of this case with no further notice for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (requiring pro se litigants to keep court timely apprised of any change in record address).

IT IS SO ORDERED.

---

[2] In any case, the grant of extradition by the asylum state "is prima facie evidence that [any] constitutional and statutory requirements [for extradition procedures] have been met." *Gee v. State of Kan.*, 912 F.2d 414, 416 (10th Cir. 1990) (quoting *Doran,* 439 U.S. at 289). And "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997).